# UNITED STATES DISTRICT COURT
for the
Western District of New York

| | |
|---|---|
| THE ESTATE OF KRISTA M. BROOKS BY CHRISTINA N. JOHN | ) ) |
| | ) Civil Action No. ___25 CV 563___ |
| *Plaintiff* | ) |
| -v.- | ) Jury Trial: *(check one)* ☐ Yes ☒ No |
| | ) |
| THE UNITED STATES OF AMERICA | ) ) |
| *Defendant* | ) ) |
| | ) |

## COMPLAINT IN A CIVIL CASE
28 U.S.C. §5001

1.      Plaintiff, THE ESTATE OF KRISTA M. BROOKS BY CHRISTINA N. JOHN, above named, through her attorneys the Law Office of Francis M. Letro, bring this complaint against The United States of America, pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§1346(b) and 2671-80 and 42 U.S.C. §233(g)-(q).

2.      The Plaintiff has exhausted her claims by filing the required forms with the Defendant and by the appropriate federal agency denying her claims in their entirety by Correspondence dates May 9, 2025.  See administrative claims and responsive correspondence annexed hereto collectively as Exhibit "A".

### INTRODUCTION

3.      This is an action that seeks damages for the injuries and wrongful death suffered by the Plaintiff Decedent, KRISTA M. BROOKS due to the Defendant, THE UNITED STATES OF AMERICA by and through its Federal Public Health Service Act, specifically Southern Tier

1

Community Health Network, Inc., d/b/a Universal Primary Care's negligence and departure from good and accepted medical practice resulting in severe and permanent injuries resulting in Plaintiff Decedent's death.

4.      Southern Tier Community Health Network, Inc., d/b/a Universal Primary Care, by and through its officers, directors, agents, associates, physicians, residents, nurses, employees, and staff, including but not limited to Robert Haas, M.D., and Kaitlin Hanmer, M.D., engaged in the care and treatment of the Plaintiff Decedent, KRISTA M. BROOKS relating to the birth of a child on April 28, 2022 and for her post-partum care, up to and through the date of her death on June 17, 2022; caused the Plaintiff Decedent KRISTA M. BROOKS' tortious injury and ultimate death. Southern Tier Community Health Network, Inc., d/b/a Universal Primary Care, Robert Haas, M.D. and Kaitlin Hanmer, M.D., are covered by the FTCA. As such, and as mandated by the FTC, Plaintiff Decedent, KRISTA M. BROOKS BY CHRISTINA N. JOHN brings this action against the Defendant, THE UNITED STATES OF AMERICA.

## JURISDICTION AND VENUE

5.      This case is brought pursuant to the FTCA, 28 U.S.C. §§1346(b) and 2671-80 and 42 U.S.C. §233(g)-(q). This Court has jurisdiction over this claim against The United States of America for compensatory monetary damages pursuant to 28 U.S.C. §§1346(b)(1) and 42 U.S.C. §233(g)-(q).

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 139(e) and 1402(b), as this is an action against THE UNITED STATES OF AMERICA, this is the district in which the Plaintiff Decedent resided, and no property is involved.

## PARTIES

7.    Plaintiff Decedent, KRISTA M. BROOKS, was a citizen of the Seneca Nation of Indians on the Allegany Territory, and the State of New York, County of Cattaraugus, she had resided at 5976 Route 417, Kill Buck, New York 14748.

8.    Order Letters Testamentary of THE ESTATE OF KRISTA M. BROOKS, were issued to CHRISTINA N. JOHN, by the Surrogate's Court of the Seneca Nation of Indians on the Allegany Territory, on the 15th day of August 2022, and CHRISTINA N. JOHN is duly qualified and is acting in such capacity as Executor.

9.    CHRISTINA N. JOHN, Executor of THE ESTATE OF KRISTA M. BROOKS, at all times herein mentioned, was and is a citizen of the Seneca Nation of Indians on the Allegany Territory, and the State of New York, County of Cattaraugus, she resides at 5976 Route 417, Kill Buck, New York 14748.

10.    Southern Tier Community Health Network, Inc., d/b/a Universal Primary Care, located in the State of New York, and County of Cattaraugus, at 445 Broad Street, Salamanca, New York 14779, is an FTCA-covered Federal Public Health Service provider. Its employees are deemed to be Federal employees and are qualified for protection under the FTCA. Dr. Robert R. Haas, M.D. and Kaitlin J. Hanmer, M.D. engaged in the care and treatment of the Plaintiff Decedent, KRISTA M. BROOKS were and are employees of Southern Tier Community Health Network, Inc., d/b/a Universal Primary Care.

11.    The Plaintiff Decedent's distributees include her living infant children, H.J., H.J., N.J., and her mother, CHRISTINA N. JOHN, who at all times herein mentioned, were and are citizens of the Seneca Nation of Indians on the Allegany Territory, and the State of New York, County of Cattaraugus, 5976 Route 417, Kill Buck, New York 14748.

3

12.     The Defendant, UNITED STATES OF AMERICA is a party to this action by

virtue of the Federal Torts Claims Act, 28 U.S.C. §§1346(b) and 2671, et seq. and 42 U.S.C.

§233(g)-(q).

## RELEVANT PROCEDURAL HISTORY

13.     On March 19, 2024, pursuant to 28 U.S.C. §2675(a), the Plaintiff filed a timely

claim with the U.S. Department of Health and Human Services, Office of General Counsel –

General Law Division, Claims and Employment Law Branch, alleging that the FTCA-covered

health care center Southern Tier Community Health Network, Inc., d/b/a Universal Primary Care

through its officers, directors, agents, associates, physicians, residents, nurses, and employees

including, Robert R. Haas, M.D. and Kaitlin J. Hanmer, M.D., who were engaged in the care and

treatment of Plaintiff Decedent, KRISTA M. BROOKS for failing to properly care, report,

mitigate, treat, and diagnose the signs, symptoms, complaints, and pathology of retained

conception and/or necrotic placental tissue; excessive bleeding; acute respiratory distress

syndrome; acute hypoxemic respiratory failure; progressing hypoxemia; acute postoperative

hypovolemic shock; diffuse or disseminated intravascular coagulation (DIC syndrome); cardiac

arrest with pulseless electrical activity; nontraumatic hemorrhagic shock; flash pulmonary

edema; hemoptysis; acute posthemorrhagic edema; lactic acidosis; edema of whole body;

protuberant distension of the abdomen and left groin; massive pelvic bleeding; pain, post-partum

bleeding; cramps; headaches; physical and mental anguish. for delaying diagnosis, surgical

treatment, and utilizing improper surgical technique, all of which Plaintiff Decedent, KRISTA

M. BROOKS presented (Exhibit "A" at 1).

14.     On June 17, 2024, Julie Padak, Paralegal for Counsel to the Plaintiff received

emailed correspondence from Charlene Robinson of the U.S. Department of Health and Human

4

Services, Office of General Counsel – General Law Division, Claims and Employment Law

Branch, dated June 17, 2024, 2:13 p.m., with attached letter acknowledging receipt of Plaintiff's

claim on March 26, 2024, that a secure file has been setup through Box.com, Claim Number

2024-0293, and requesting substantiating evidence to evaluate the administrative tort claim

(Exhibit A).

15.    On June 25, 2024, 11:48 a.m., Diane M. Smith, Paralegal for Plaintiff's counsel

sent an email to Charlene Robinson of the U.S. Department of Health and Human Services,

Office of General Counsel – General Law Division, Claims and Employment Law Branch

attaching a copy of Ronald J. Wright, Esq., of Counsel to the Law Office of Francis M. Letro,

Attorneys for the Plaintiff's letter outlining the materials that were added to the Box.com Claim

File 2024-0293, and requesting permission to access the Box.com file.  An emailed "invitation to

collaborate" was provided by Ms. Robinson to Ms. Smith on June 25, 2024, 2:10 p.m., (Exhibit

A).

16.    On October 24, 2024, 4:18 p.m., Diane M. Smith, Paralegal for Plaintiff's counsel

sent an email to Charlene Robinson of the U.S. Department of Health and Human Services,

Office of General Counsel – General Law Division, Claims and Employment Law Branch

attaching a copy of Ronald J. Wright, Esq., of Counsel to the Law Office of Francis M. Letro,

Attorneys for the Plaintiff's letter, dated October 24, 2024, indicating that pdf copies of the

Plaintiff Decedent's Seneca Nation employment records were added to the Box.com Claim File

2024-0293, (Exhibit A).

17.    On October 25, 2024, 12:29 p.m., Charlene Robinson of the U.S. Department of

Health and Human Services, Office of General Counsel – General Law Division, Claims and

Employment Law Branch, confirmed receipt of Mr. Wright's October 24, 2024, letter.

18.     On May 9, 2025, our office received a letter of James C. Anagnos, Assistant

Deputy Associate General Counsel, Claims and Employment Law Branch, dated May 6, 2025,

indicating it constitutes a Notice of Final Determination as required by 28 U.S.C. §2401(b)

denying the Plaintiff's claim.  Thus, this action is timely commenced.

### AS AND FOR THE PLAINTIFF THE ESTATE OF KRISTA M BROOKS BY CHRISTINA N. JOHN'S CAUSE OF ACTION

19.     The Plaintiff repeats, reiterates, and realleges each and every allegation contained

in those paragraphs of this Complaint marked and designated "1" through "18" inclusive, with

the same force and effect as if hereinafter set forth more fully at length.

20.     Defendant, UNITED STATES OF AMERICA, at all times hereinafter mentioned,

provided medical malpractice protection to its health care centers, and their employees, that meet

annual program requirements of FTCA coverage.

21.      That at all times hereinafter mentioned Southern Tier Community Health

Network, Inc., d/b/a Universal Primary Care was and is a domestic not-for-profit corporation

existing under and by virtue of the law of the State of New York.

22.     That at all times hereinafter mentioned Southern Tier Community Health

Network, Inc. owned, operated, and did business as Universal Primary Care, a medical practice

located at 445 Broad Street, Salamanca, New York 14779.

23.     That at all times hereinafter mentioned Southern Tier Community Health

Network, Inc., d/b/a Universal Primary Care, operated, conducted, managed, controlled, and

maintained the aforesaid health center located at 445 Broad Street, Salamanca, New York 14779.

24.     That at all times hereinafter mentioned Southern Tier Community Health

Network, Inc., d/b/a Universal Primary Care, was and is an FTCA-covered health care center,

located at 445 Broad Street, Salamanca, New York 14779.

25.    That by virtue of its FTCA-coverage, Southern Tier Community Health Network, Inc., d/b/a Universal Primary Care is sued herein as Defendant, THE UNITED STATES OF AMERICA.

26.    That at all times hereinafter mentioned, Robert R. Haas, M.D., was and is a physician duly licensed to practice medicine in the State of New York.

27.    That at all times hereinafter mentioned, Kaitlin J. Hanmer, M.D., was and is a physician duly licensed to practice medicine in the State of New York.

28.    That at all times hereinafter mentioned, Robert R. Haas, M.D. specialized in the field of family medicine.

29.    That at all times hereinafter mentioned, Kaitlin J. Hanmer, M.D. specialized in the field of obstetrics and gynecology.

30.    That all times hereinafter mentioned, Robert R. Haas, M.D., was associated with Southern Tier Community Health Network, Inc., d/b/a Universal Primary Care.

31.    That at all times hereinafter mentioned, Kaitlin J. Hanmer, M.D. was associated with Southern Tier Community Health Network, Inc., d/b/a Universal Primary Care.

32.    That at all times hereinafter mentioned, Robert R. Haas, M.D. was on the staff of Southern Tier Community Health Network, Inc., d/b/a Universal Primary Care.

33.    That at all times hereinafter mentioned, Kaitlin J. Hanmer, M.D. was on the staff of Southern Tier Community Health Network, Inc., d/b/a Universal Primary Care.

34.    That at all times hereinafter mentioned, Robert R. Haas, M.D. was acting as an agent of Southern Tier Community Health Network, Inc., d/b/a Universal Primary Care.

35.    That at all times hereinafter mentioned, Kaitlin J. Hanmer, M.D. was acting as an

agent of Southern Tier Community Health Network, Inc., d/b/a Universal Primary Care.

36.     That at all times hereinafter mentioned, Robert R. Haas, M.D. was an employee of Southern Tier Community Health Network, Inc., d/b/a Universal Primary Care.

37.     That at all times hereinafter mentioned, Kaitlin J. Hanmer, M.D. was an employee of Southern Tier Community Health Network, Inc., d/b/a Universal Primary Care.

38.     That at all times hereinafter mentioned, Robert R. Haas, M.D. was acting within the course and scope of his employment with Southern Tier Community Health Network, Inc., d/b/a Universal Primary Care.

39.     That at all times hereinafter mentioned, Kaitlin J. Hanmer, M.D. was acting within the course and scope of her employment with Southern Tier Community Health Network, Inc., d/b/a Universal Primary Care.

40.     That by virtue of the relationship of Robert R. Haas, M.D. with Southern Tier Community Health Network, Inc., d/b/a Universal Primary Care, Dr. Haas is deemed a federal employee and is being sued herein as Defendant, THE UNITED STATES OF AMERICA.

41.     That by virtue of the relationship of Kaitlin J. Hanmer, M.D. with Southern Tier Community Health Network, Inc., d/b/a Universal Primary Care, Dr. Hanmer is deemed a federal employee and is being sued herein as Defendant, The United States of America.

42.     That on or about April 28, 2022, up to and including June 17, 2022, the date of the Plaintiff Decedent, KRISTA M. BROOKS' death presented to Southern Tier Community Health Network, Inc., d/b/a Universal Primary Care.

43.     That on or about April 28, 2022, up to and including June 17, 2022, Robert R. Haas, M.D. rendered certain medical and diagnostic care and treatment to the Plaintiff Decedent, KRISTA M. BROOKS, including care and treatment related to pre-and post-partum care.

8

44.     That on or about April 28, 2022, up to and including June 17, 2022, Kaitlin J.

Hanmer, M.D., rendered certain medical and diagnostic care and treatment to the of Plaintiff

Decedent, KRISTA M. BROOKS, including care and treatment related to pre-and post-partum

care.

45.     That the aforesaid medical and diagnostic care and treatment rendered by

Southern Tier Community Health Network, Inc., d/b/a Universal Primary Care, Robert R. Haas,

M.D., and Kaitlin J. Hanmer, M.D., sued herein as Defendant, THE UNITED STATES OF

AMERICA, was negligent and careless.

46.     That on or about April 28, 2022, up to and including June 17, 2022, the date of

the Plaintiff Decedent, KRISTA M. BROOKS's death, Southern Tier Community Health

Network, Inc., d/b/a Universal Primary Care through its officers, directors, agents, associates,

physicians, residents, nurses, employees, and staff, including but not limited to Robert R. Haas,

M.D., Kaitlin J. Hanmer, M.D., who were engaged in the care and treatment of Plaintiff

Decedent, KRISTA M. BROOKS failed to properly render care, treatment, and properly

diagnose the signs, symptoms, complaints, and pathology that the Plaintiff Decedent presented,

including, but not limited to the pathology of retained conception and/or necrotic placental

tissue; excessive bleeding; acute respiratory distress syndrome; acute hypoxemic respiratory

failure; progressing hypoxemia; acute postoperative hypovolemic shock; diffuse or disseminated

intravascular coagulation (DIC syndrome); cardiac arrest with pulseless electrical activity;

nontraumatic hemorrhagic shock; flash pulmonary edema; hemoptysis; acute posthemorrhagic

edema; lactic acidosis; edema of whole body; protuberant distension of the abdomen and left

groin; massive pelvic bleeding; pain, post-partum bleeding; cramps; headaches; physical and

mental anguish that resulted the Plaintiff Decedent's injuries, conscious pain and suffering, and

9

wrongful death.

47.    Defendant, THE UNITED STATES OF AMERICA, and its agents, servants, and employees, was negligent and careless in failing to possess the requisite degree of learning, knowledge, and skill related to the treatment of the Plaintiff Decedent, KRISTA M. BROOKS.

48.    Defendant, THE UNITED STATES OF AMERICA, and its agents, servants, and employees, was negligent and careless in failing to use due, reasonable and proper skill, and care in the treatment of the Plaintiff Decedent, KRISTA M. BROOKS.

49.    Defendant, THE UNITED STATES OF AMERICA, and its agents, servants, and employees, was negligent and careless in failing to follow standard and acceptable medical, nursing, and diagnostic practices and procedures related to the care and treatment of the Plaintiff Decedent, KRISTA M. BROOKS.

50.    Defendant, THE UNITED STATES OF AMERICA, its agents, servants, and employees, was negligent and careless in failing to take necessary, immediate, and timely steps to prevent, diagnose, report, and treat the signs, symptoms, and pathology of retained conception and/or necrotic placental tissue; excessive bleeding; acute respiratory distress syndrome; acute hypoxemic respiratory failure; progressing hypoxemia; acute postoperative hypovolemic shock; diffuse or disseminated intravascular coagulation (DIC syndrome); cardiac arrest with pulseless electrical activity; nontraumatic hemorrhagic shock; flash pulmonary edema; hemoptysis; acute posthemorrhagic edema; lactic acidosis; edema of whole body; protuberant distension of the abdomen and left groin; massive pelvic bleeding; pain, post-partum bleeding; cramps; headaches; physical and mental anguish that which the Plaintiff Decedent, KRISTA M. BROOKS presented in accordance with standard and accepted medical, nursing, and diagnostic practices and procedures.

10

51.     Defendant, THE UNITED STATES OF AMERICA, and its agents, servants, and employees, was negligent and careless in failing to timely refer, order, perform, and institute various diagnostic procedures, medical tests, and radiological studies for the signs, symptoms, complaints, and pathology, which the Plaintiff Decedent, KRISTA M. BROOKS presented.

52.     Defendant, THE UNITED STATES OF AMERICA, and its agents, servants, and employees, was negligent and careless in failing to prevent, identify, diagnose, mitigate, and treat the pathology of retained conception and/or necrotic placental tissue; excessive bleeding; acute respiratory distress syndrome; acute hypoxemic respiratory failure; progressing hypoxemia; acute postoperative hypovolemic shock; diffuse or disseminated intravascular coagulation (DIC syndrome); cardiac arrest with pulseless electrical activity; nontraumatic hemorrhagic shock; flash pulmonary edema; hemoptysis; acute posthemorrhagic edema; lactic acidosis; edema of whole body; protuberant distension of the abdomen and left groin; massive pelvic bleeding; pain, post-partum bleeding; cramps; headaches; physical and mental anguish which lead to the June 17, 2022, death of the Plaintiff Decedent, KRISTA M. BROOKS.

53.     Defendant, THE UNITED STATES OF AMERICA, and its agents, servants, and employees, was negligent and careless in delaying surgery to remove retained conception and/or necrotic placental tissue leading to excessive bleeding; acute respiratory distress syndrome; acute hypoxemic respiratory failure; progressing hypoxemia; acute postoperative hypovolemic shock; diffuse or disseminated intravascular coagulation (DIC syndrome); cardiac arrest with pulseless electrical activity; nontraumatic hemorrhagic shock; flash pulmonary edema; hemoptysis; acute posthemorrhagic edema; lactic acidosis; edema of whole body; protuberant distension of the abdomen and left groin; massive pelvic bleeding; pain, post-partum bleeding; cramps; headaches; physical and mental anguish which lead to the June 17, 2022, death of the Plaintiff

11

Decedent, KRISTA M. BROOKS.

54.     Defendant, THE UNITED STATES OF AMERICA, and its agents, servants, and employees, was negligent and careless in failing to timely confirm results of diagnostic procedures, order follow-up testing, and take into consideration the Plaintiff Decedent's, prior medical history during her admission to and while under the care and treatment of Southern Tier Community Health Network, Inc., d/b/a Universal Primary Care, Robert R. Haas, M.D., Kaitlin J. Hanmer, M.D.

55.     Defendant, THE UNITED STATES OF AMERICA, and its agents, servants, and employees failed to research, consider, consult, and coordinate the Plaintiff Decedent's care with other health care providers and professionals pursuant to standard and acceptable medical and diagnostic practices and procedures.

56.     Defendant, THE UNITED STATES OF AMERICA, and its agents, servants, and employees failed to recognize the seriousness, severity, and critical nature of the Plaintiff Decedent's condition through the course of her and while under the care and treatment of Southern Tier Community Health Network, Inc., d/b/a Universal Primary Care, Robert R. Haas, M.D., Kaitlin J. Hanmer, M.D.

57.     Defendant, THE UNITED STATES OF AMERICA, and its agents, servants, and employees, abandoned and neglected the Plaintiff Decedent, KRISTA M. BROOKS BAIOCCO when she was in need of timely, and proper medical care and treatment.

58.     That by reason of the foregoing, the Plaintiff Decedent, KRISTA M. BROOKS, sustained permanent and painful injuries as hereinabove set forth due to the individual, joint and several medical negligence of the Defendant, which caused, precipitated, and contributed to her death on June 17, 2022.

59.     That by reason of the foregoing, the Plaintiff Decedent, KRISTA M. BROOKS, suffered severe conscious pain and suffering prior to her death as hereinabove set forth due to the individual, joint and several medical negligence of the Defendant.

60.     That by reason of the foregoing, the Decedent, KRISTA M. BROOKS, who, prior to the birth of her child on April 28, 2022 and subsequent care and treatment by Southern Tier Community Health Network, Inc., d/b/a Universal Primary Care, Robert R. Haas, M.D., Kaitlin J. Hanmer, M.D. was in good health, industrious, sober, and of a cheerful disposition, and left surviving her infant children, H.J., H.J. and N.J., distributees of said Decedent's Estate, and decedent's mother, CHRISTINA N. JOHN who has been compelled to expend large sums of money for funeral expenses and administrative expenses in relation to her death on June 17, 2022, and have suffered, and will in the future suffer great pecuniary damages by reason of the loss of the Decedent's love, guidance, counsel, advice, support, comfort, assistance, security, inheritance and significant contributions to her family.

61.     That by reason of the foregoing, Plaintiff THE ESTATE OF KRISTA M. BROOKS BY CHRISTINA N. JOHN brings this action for the wrongful death of KRISTA M. BROOKS on behalf of the Estate for damages, both general and special.

62.     That by reason of the foregoing, the Plaintiff has been damaged in the sum of Fifty-Five Million Dollars and No Cents ($55,000,000.00).

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff demands judgment, with interest, against the Defendant, THE UNITED STATES OF AMERICA in the sum of FIFTY-FIVE MILLION DOLLARS and NO CENTS ($55,000,000.00), together with interest and the costs and disbursements of this action.

13

Dated: Buffalo, New York
     June 27, 2025

Yours, etc.

**FRANCIS M. LETRO**, **ESQ**.
**RONALD J. WRIGHT, ESQ.**
Attorney for Plaintiff
The Marin Building, Suite 302
237 Main Street
Buffalo, New York 14203-2725
Tel: (716) 852-1234